**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**


| | | |
|---|---|---|
| **J. ENDRES** | : | **Case No. 5:17-cv-2408** |
| **Plaintiff** | : | **Judge Lioi** |
| **v.** | : | **Magistrate Judge Limbert** |
| **NORTHEAST OHIO** | : | |
| **MEDICAL UNIVERSITY, et al** | | |
| | : | |
| **Defendants** | : | |


**ANSWER**

All Defendants respond to Plaintiff's complaint (Doc. No. 1) as follows:

**First Defense**

1.      Defendants admit that this case arises out of the events related to Plaintiff's conduct during the

fall 2015 semester at the Northeast Ohio Medical University ("NEOMED"), but deny the balance

of the matters set out in paragraph 1 of the complaint.

2.      Defendants admit the matters set out in paragraph 2 of the complaint.

3.      Defendants deny the matters set out in paragraph 3 of the complaint.

4.      Defendants deny the matters set out in paragraph 4 of the complaint.

5.      Defendants deny the matters set out in paragraph 5 of the complaint.

6.      Defendants deny the matters set out in paragraph 6 of the complaint.

7.      Defendants deny the matters set out in paragraph 7 of the complaint

8.      Defendants admit that Plaintiff seeks redress, but deny the balance of the matters set out in

paragraph 8 of the complaint.

1

9.      Defendants admit the matters set out in paragraph 9 of the complaint.

10.      Defendants admit the matters set out in paragraph 10 of the complaint, except the allegation that NEOMED has a campus in Cleveland.

11.      Defendants admit the matters set out in paragraph 11 of the complaint.

12.      Defendants admit the matters set out in paragraph 12 of the complaint.

13.      Defendants admit the matters set out in paragraph 13 of the complaint, but state that Defendant Gershen has delegated his authority over student discipline to NEOMED's Office of Student Affairs.

14.      Defendants admit the matters set out in paragraph 14 of the complaint.

15.      Defendants admit the matters set out in paragraph 15 of the complaint.

16.      Defendants admit the matters set out in paragraph 16 of the complaint.

17.      Defendants deny, for lack of knowledge, the matters set out in paragraph 17 of the complaint.

18.      Defendants deny, for lack of knowledge, the matters set out in paragraph 18 of the complaint except the allegations that:

     A. Plaintiff never requested any kind of academic accommodation through his time at NEOMED. Defendants admit that allegation. Defendants deny, for lack of knowledge, Plaintiff's allegations about accommodations at other schools.

     B. Plaintiff was accepted into NEOMED via the accelerated BS/MD program. Defendants admit that allegation.

19.      Defendants admit the matters set out in paragraph 19 of the complaint

20.      Defendants deny, for lack of knowledge, the matters set out in paragraph 20 of the complaint except the allegations that:

     a. NEOMED provided Plaintiff with copies of its school policies, including its Student Handbook ("the Code"). Defendants admit that allegation.

21.      Defendants admit the matters set out in paragraph 21 of the complaint.

22.    Defendants respond to paragraph 22 of the complaint by stating that the Code speaks for itself and hence deny Plaintiff's characterization of the Code. Further, Defendants deny that the matters involved in this case were disciplinary rather than academic or that pp. 104-106 of the Code applied to Plaintiff's situation.

23.    Defendants respond to paragraph 23 of the complaint by stating that the Code speaks for itself and hence deny Plaintiff's characterization of the Code.

24.    Defendants respond to paragraph 24 of the complaint by stating that the Code speaks for itself and hence deny Plaintiff's characterization of the Code.

25.    Defendants respond to paragraph 25 of the complaint by stating that the Code speaks for itself and hence deny Plaintiff's characterization of the Code.

26.    Defendants deny, for lack of knowledge, the matters set out in paragraph 26 of the complaint.

27.    Defendants deny, for lack of knowledge, the matters set out in paragraph 27 of the complaint.

28.    Defendants deny, for lack of knowledge, the matters set out in paragraph 28 of the complaint except the allegations that:

   a.  Plaintiff failed the Brain Mind Behavior course during his first year at medical school. Defendants admit that allegation.

   b.  The Brain Mind Behavior course began in April, 2015. Defendants admit that allegation.

29.    Defendants deny, for lack of knowledge, the matters set out in paragraph 29 of the complaint.

30.    Defendants deny, for lack of knowledge, the matters set out in paragraph 30 of the complaint.

31.    Defendants admit the matters set out in paragraph 31 of the complaint.

32.    Defendants admit the matters set out in the first sentence of paragraph 32 of the complaint. Defendants deny, for lack of knowledge, the balance of the matters set out in that paragraph.

33.    Defendants deny, for lack of knowledge, the matters set out in paragraph 33 of the complaint.

34.     Defendants deny, for lack of knowledge, the matters set out in paragraph 34 of the complaint

except the allegations that:

A.  Plaintiff enrolled in the Human Development & Structure course ("HDS") during the fall, 2015, semester.  Defendants admit that allegation.

B.  Hans Thewissen was the course director for HDS. Defendants admit that allegation.

C.  Plaintiff had taken HDS during the fall, 2014, semester and had passed it. Defendants admit that allegation.

35.     Defendants deny, for lack of knowledge, the matters set out in paragraph 35 of the complaint

except the allegations that:

A.  NEOMED records exams via video cameras. Defendants admit that allegation.

36.     Defendants deny, for lack of knowledge, the matters set out in paragraph 36 of the complaint

except the allegations that:

A.  NEOMED employs a computerized testing system. Defendants admit that allegation.

B.  Online examinations are taken on NEOMED's laptop computers. Defendants admit that allegation.

C.  Students are given a paper answer sheet. Defendants admit that allegation.

37.     Defendants admit the matters set out in paragraph 37 of the complaint.

38.     Defendants deny, for lack of knowledge, the matters set out in paragraph 38 of the complaint

except the allegations that:

a.  Plaintiff took an examination on September 28, 2015 for HDS ("the Exam"). Defendants admit that allegation.

b.  Plaintiff displayed behavior that appeared fidgety, that he was focused on something to his right, and that those actions made him suspicious looking. Defendants admit that allegation.

c.  Some of Plaintiff's suspicious looking behavior was recorded on video. Defendants admit that allegation.

d.  There were 25 questions on the Exam. Defendants admit that allegation.

4

e. There were 160 students who took the exam at the same time. Defendants admits that allegation.

39. Defendants deny, for lack of knowledge, the matters set out in paragraph 39 of the complaint except the allegations that:

a. Several proctors oversaw the Exam. Defendants admit that allegation.

b. Several proctors walked around the room during the exam while another proctor sat in the video booth and operated the camera. Defendants admit that allegation.

40. Defendants admit the matters set out in paragraph 40 of the complaint, except Plaintiff's allegations regarding distraction. Defendants deny, for lack of knowledge, his allegations regarding distraction.

41. Defendants deny, for lack of knowledge, the matters set out in paragraph 41 of the complaint except the allegations that:

A. ExamSoft software was used during the Exam. Defendants admit that allegation.

B. ExamSoft allowed students to zoom in and out of certain items. Defendants admit that allegation.

C. It was physically impossible to discover legible information from the computer screen of seat 30. Defendants deny that allegation.

42. Defendants deny, for lack of knowledge, the matters set out in paragraph 42 of the complaint except the allegations that:

A. Plaintiffs conduct during the Exam made him look suspicious. Defendants admit that allegation.

43. Defendants deny, for lack of knowledge, the matters set out in paragraph 43 of the complaint.

44. Defendants respond to paragraph 44 of the complaint by:

A. Admitting that Hricko filled out the irregularity report after the conclusion of the Exam.

B. Stating that Exhibit B speaks for itself. Defendants therefore deny Plaintiff's characterization of Exhibit B.

5

45. Defendants respond to paragraph 45 of the complaint by stating that Exhibit B speaks for itself and hence deny Plaintiff's characterization of Exhibit B.

46. Defendants deny, for lack of knowledge, the matters set out in paragraph 46 of the complaint except the allegations that:

    A. The computer screen Plaintiff was alleged to have been looking at was seat 30. Defendants admit that allegation.

    B. There was no one in the empty seat between Plaintiff's seat and seat 30. Defendants admit that allegation.

47. Defendants deny, for lack of knowledge, the matters set out in paragraph 47 of the complaint except the allegations that:

    A. The irregularity report attached as exhibit B to the complaint was sent to Defendant Emerick the day of the test. Defendants admit that allegation.

48. Defendants deny the matters set out in paragraph 48 of the complaint.

49. Defendants deny the matters set out in paragraph 49 of the complaint.

50. Defendants deny the matters set out in paragraph 50 of the complaint.

51. Defendants deny, for lack of knowledge, the matters set out in paragraph 51 of the complaint.

52. Defendants admit the matters set out in paragraph 52 of the complaint.

53. Defendants deny the matters set out in paragraph 53 of the complaint except the allegations that:

    A. Emerick forwarded the information she gathered regarding the Exam to Thewissen, Terry, and Young on October 2, 2015. Defendants admit that allegation.

54. Defendants deny the matters set out in paragraph 54 of the complaint.

55. Defendants deny the matters set out in paragraph 55 of the complaint.

56. Defendants respond to paragraph 56 of the complaint by stating that the Code speaks for itself and hence deny Plaintiff's characterization of the Code.

57. Defendants deny the matters set out in paragraph 57 of the complaint.

6

58.     Defendants deny the matters set out in paragraph 58 of the complaint.

59.     Defendants deny the matters set out in paragraph 59 of the complaint.

60.     Defendants deny the matters set out in paragraph 60 of the complaint.

61.     Defendants deny the matters set out in paragraph 61 of the complaint.

62.     Defendants deny the matters set out in paragraph 62 of the complaint except the allegations that:

A.  Plaintiff spoke for a significant period of time. Defendants admit that allegation.

63.     Defendants deny the matters set out in paragraph 63 of the complaint except the allegations that:

A.  Emerick met with Plaintiff on October 7, 2015, to discuss his proceedings before the Committee on Academic and Professional Progress ("CAPP"). Defendants admit that allegation.

64.     Defendants deny the matters set out in paragraph 64 of the complaint except the allegations that:

A.  At the October 7 meeting, Emerick showed Plaintiff the video of his conduct during the Exam. Defendants admit that allegation.

B.  Emerick shared with Plaintiff the other information she had gathered regarding his conduct during the Exam. Defendants admit that allegation.

C.  Emerick informed Plaintiff that CAPP proceedings had been initiated. Defendants admit that allegation.

D.  The last two sentences of paragraph 64. Defendants deny, for lack of knowledge, those allegations.

65.     Defendants deny the matters set out in paragraph 65 of the complaint.

66.     Defendants deny the matters set out in paragraph 66 of the complaint.

67.     Defendants deny the matters set out in paragraph 67 of the complaint.

68.     Defendants deny, for lack of knowledge, the matters set out in paragraph 68 of the complaint

except the allegations that:

A.  Plaintiff did not request or indicate any need for an accommodation, special treatments, or considerations in connection with his academics. Defendants admit that allegation.

7

69.     Defendants deny, for lack of knowledge, the matters set out in paragraph 69 of the complaint

except the allegations that:

A. On Oct. 8, 2015, Plaintiff requested a temporary accommodation concerning the test
   scheduled for Oct. 8, 2015. Defendants admit that allegation.

B. Plaintiff was granted permitted to sit separately. Defendants admit that allegation.

C. The allegations in the last sentence of paragraph 69. Defendants deny that allegation.

70.     Defendants deny the matters set out in paragraph 70 of the complaint except the:

A.  The allegations made in the first sentence of paragraph 70. Defendants admit those
    allegations.

B.  The allegations made in the last sentence of paragraph 70. Defendants admit those
    allegations.

71.     Defendants deny, for lack of knowledge, the matters set out in paragraph 71 of the complaint

except the allegations that:

A.  Plaintiff took the HDS Module 1 test on Oct. 9, 2015. Defendants admit those allegations.

72.     Defendants respond to paragraph 72 of the complaint by admitting that Plaintiff emailed Emerick

on October 11, 2015. Defendants state that the email speaks for itself. Defendants therefore deny

Plaintiff's allegations about the contents of that email. Defendants deny, for lack of knowledge,

the balance of the matters alleged in paragraph 72.

73.     Defendants respond to paragraph 73 of the complaint by admitting that Plaintiff emailed Emerick

on October 11, 2015. Defendants state that the email speaks for itself. Defendants therefore deny

Plaintiff's allegations about the contents of that email. Defendants deny, for lack of knowledge,

the balance of the matters alleged in paragraph 73.

74.     Defendants admit the matters alleged in the first sentence of paragraph 74 of the complaint.

Defendants deny the balance of the matters set out in that paragraph.

8

75.     Defendants respond to paragraph 75 of the complaint by:

    A.   Admitting that Dr. Ramos sent Emerick a letter on October 13, 2015.

    B.   Stating that Dr. Ramos' letter speaks for itself. Defendants therefore deny Plaintiff's allegations about the content of the letter.

76.     Defendants respond to paragraph 76 of the complaint by stating that Dr. Ramos' letter speaks for itself. They therefore deny Plaintiff's allegations about the contents of the letter.

77.     Defendants respond to paragraph 77 of the complaint by:

    A.   Stating that Emerick's Oct. 12, 2015, email speaks for itself. Defendants therefore deny Plaintiff's allegations about the contents of that email.

    B.   Admitting that Plaintiff reviewed his student file on Oct. 14, 2015.

    C.   Admitting that Plaintiff's student file was comprehensive.

    D.   Admitting that Plaintiff signed the "Documentation of Student Review of NEOMED Official Student File" form.

    E.   Denying the balance of paragraph 77.

78.     Defendants respond to paragraph 78 of the complaint by stating that said paragraph is incomprehensible. Defendants therefore deny for lack of knowledge whatever is alleged in that paragraph.

79.     Defendants deny the matters set out in paragraph 79 of the complaint.

80.     Defendants respond to paragraph 80 of the complaint by stating that the Thewissen Analysis was oral, not written. Defendants therefore deny the matters set out in paragraph 80 of the complaint.

81.     Defendants deny the matters set out in paragraph 81 of the complaint.

82.     Defendants deny the matters set out in paragraph 82 of the complaint.

83.     Defendants deny the matters set out in paragraph 83 of the complaint.

84.     Defendants deny, for lack of knowledge, the matters set out in paragraph 84 of the complaint.

85.     Defendants respond to paragraph 85 of the complaint by:

A.  Admitting that Emerick met with Plaintiff on Oct. 15, 2015, starting at 4:30 PM.

B.  Admitting that Plaintiff had filled out his student interview form.

C.  Denying the balance of the matters set out in paragraph 85.

86.     Defendants admit the matters set out in paragraph 86 of the complaint.

87.     Defendants admit the matters set out in paragraph 87 of the complaint.

88.     Defendants admit the first sentence of paragraph 88 of the complaint. Defendants deny the

balance that paragraph.

89.     Defendants deny the matters set out in paragraph 89 of the complaint.

90.     Defendants respond to paragraph 90 of the complaint by:

A.  Admitting that CAPP members did not discuss the Thewissen Analysis with Plaintiff or
question him about it.

B.  Denying the balance of that paragraph.

91.     Defendants respond to paragraph 91 of the complaint by:

A.  Denying that Emerick made a presentation to the CAPP.

B.  Admitting that Plaintiff was invited to present his own evidence and answer the CAPP
Committee's questions.

92.     Defendants respond to paragraph 92 of the complaint by:

A.  Admitting that Plaintiff presented his arguments and evidence about a reenactment of what
he claims happened during the Exam.

B.  Denying the balance of the matters in that paragraph.

93.     Defendants respond to paragraph 93 of the complaint by:

A.  Admitting that the arguments referred to in paragraph 92 above included Plaintiff's assertions
about and characterization of what happened during the reenactment.

B.  Denying the balance of the matters set out in that paragraph.

94.     Defendants respond to paragraph 94 of the complaint by:

    A.  Admitting that Plaintiff made arguments about the zoom in and out feature of ExamSoft.

    B.  Denying the balance of the matters set out in that paragraph.

95.     Defendants respond to paragraph 95 of the complaint by:

    A.  Admitting that Plaintiff made assertions about his medication.

    B.  Denying the balance of the matters set out in that paragraph.

96.     Defendants respond to paragraph 96 of the complaint by:

    A.  Admitting that Plaintiff made assertions about his statistical analysis.

    B.  Denying the balance of the matters set out in that paragraph.

97.     Defendants deny, for lack of knowledge, the matters set out in paragraph 97 of the complaint.

98.     Defendants respond to paragraph 98 of the complaint by:

    A.  Admitting that Plaintiff spoke for approximately 30 minutes before being questioned.

    B.  Admitting that Plaintiff was not questioned about the Thewissen Analysis.

    C.  Admitting that Plaintiff was asked why he had not sought an accommodation for his claimed disability.

    D.  Admitting that Plaintiff disclaimed the need for an accommodation.

    E.  Denying the balance of the matters set out in that paragraph.

99.     Defendants admit the matters set out in paragraph 99 of the complaint, except for the allegations made in the last sentence of that paragraph. Defendants deny, for lack of knowledge, the matters set out in that sentence.

100.    Defendants respond to paragraph 101 of the complaint by:

    A.  Admitting that Plaintiff discussed his medications.

    B.  Denying the balance of the matters set out in that paragraph.

101.    Defendants respond to paragraph 101 of the complaint by:

    A.  Admitting that Emerick did not speak during the time Plaintiff was in the hearing.

    B.  Denying the balance of the matters set out in that paragraph.

102.    Defendants admit the matters set out in paragraph 102 of the complaint.

103.    Defendants admit the matters set out in paragraph 103 of the complaint.

104.    Defendants deny the matters set out in paragraph 104 of the complaint.

105.    Defendants admit the matters set out in paragraph 105 of the complaint.

106.    Defendants admit the matters set out in paragraph 106 of the complaint.

107.    Defendants deny the matters set out in paragraph 107 of the complaint.

108.    Defendants admit the matters set out in paragraph 108 of the complaint.

109.    Defendants deny the matters set out in paragraph 109 of the complaint.

110.    Defendants respond to paragraph 110 of the complaint by:

    A.  Admitting that Plaintiff's matter was characterized as academic misconduct.

    B.  Denying the balance of the matters set out in that paragraph.

111.    Defendants deny the matters set out in paragraph 111 of the complaint.

112.    Defendants deny the matters set out in paragraph 112 of the complaint.

113.    Defendants respond to paragraph 113 of the complaint by:

    A.  Admitting that Plaintiff and his parents met with Emerick on Oct. 23, 2015.

    B.  Denying the balance of the matters set out in that paragraph.

114.    Defendants deny the matters set out in paragraph 114 of the complaint.

115.    Defendants deny the matters set out in paragraph 115 of the complaint.

116.    Defendants deny the matters set out in paragraph 116 of the complaint.

117.     Defendants deny, for lack of knowledge, the matters set out in paragraph 117 of the complaint.

118.    Defendants deny, for lack of knowledge, the matters set out in paragraph 118 of the complaint.

119.    Defendants respond to paragraph 119 of the complaint by:

   A.  Admitting that Plaintiff made a public records request on Oct. 23, 2015.

   B.  Denying the balance of the matters set out in that paragraph.

120.    Defendants respond to paragraph 120 of the complaint by:

   A.  Admitting that Plaintiff received a response to his public records request on Oct. 26, 2015.

   B.  Denying the balance of the matters set out in that paragraph.

121.    Defendants respond to paragraph 121 of the complaint by:

   A.  Admitting that Plaintiff requested permission to conduct a field test on Oct. 26, 2015.

   B.  Denying the balance of the matters set out in that paragraph.

122.    Defendants admit the matters set out in paragraph 122 of the complaint.

123.    Defendants admit the matters set out in paragraph 123 of the complaint.

124.    Defendants deny, for lack of knowledge, the matters set out in paragraph 124 of the complaint.

125.    Defendants respond to paragraph 125 of the complaint by:

   A.  Admitting the first two sentences of this paragraph.

   B.  Denying the balance of the matters set out in that paragraph.

126.    Defendants respond to paragraph 126 of the complaint by:

   A.  Admitting the first and second sentences of this paragraph.

   B.  Denying the balance of the matters set out in that paragraph.

127.    Defendants respond to paragraph 127 of the complaint by:

   A.  Admitting the first two sentences of this paragraph.

   B.  Denying the balance of the matters set out in that paragraph.

128.    Defendants deny the matters set out in paragraph 128 of the complaint.

129.    Defendants admit the matters set out in paragraph 129 of the complaint.

130.    Defendants deny the matters set out in paragraph 130 of the complaint.

131.    Defendants respond to paragraph 131 of the complaint by:

   A.  Admitting that Plaintiff was permitted to speak about the Thewissen Analysis.

   B.  Denying the balance of the matters set out in that paragraph.

132.    Defendants respond to paragraph 132 of the complaint by:

   A.  Admitting that Plaintiff presented his information and answered questions.

   B.  Denying the balance of the matters set out in that paragraph.

133.    Defendants respond to paragraph 133 of the complaint by:

   A.  Admitting that Plaintiff expounded at length about his probability analysis.

   B.  Denying the balance of the matters set out in that paragraph.

134.    Defendants respond to paragraph 134 of the complaint by:

   A.  Admitting that Plaintiff made his arguments about the time stamps on the ExamSoft
       timestamps.

   B.  Denying the balance of the matters set out in that paragraph.

135.    Defendants admit the matters set out in paragraph 135 of the complaint.

136.    Defendants respond to paragraph 136 of the complaint by:

   A.  Admitting that received a letter informing him that the ERC granted him a rehearing.

   B.  Stating that the letter speaks for itself and therefore denying the balance of the matters in this
       paragraph.

137.     Defendants respond to paragraph 137 of the complaint by stating that the Nov. 3, 2015, letter

speaks for itself. They therefore deny Plaintiff's allegations about the contents of the letter.

138.    Defendants deny the matters set out in paragraph 138 of the complaint.

14

139.  Defendants respond to paragraph 139 of the complaint by:

    A.  Admitting that Plaintiff sent Thewissen a letter regarding his statistical analysis.

    B.  Admitting that Thewissen asked that all correspondence regarding the matter go through NEOMED's legal office.

    C.  Denying the balance of the matters in this paragraph.

140.  Defendants respond to paragraph 140 of the complaint by stating that the Code speaks for itself.

    They therefore deny Plaintiff's allegations about the contents of the Code.

141.  Defendants deny the matters set out in paragraph 141 of the complaint.

142.  Defendants deny the matters set out in paragraph 142 of the complaint.

143.  Defendants respond to paragraph 143 of the complaint by:

    A.  Admitting that Plaintiff, through legal counsel, asked that Dr. Trauben be invited to the final hearing.

    B.  Denying the balance of the matters in this paragraph.

144.  Defendants respond to paragraph 144 of the complaint by:

    A.  Admitting that Plaintiff's legal counsel spoke with NEOMED's legal counsel on or around Nov. 17, 2015.

    B.  Denying the balance of the matters in this paragraph.

145.  Defendants deny the matters set out in paragraph 145 of the complaint.

146.  Defendants respond to paragraph 146 of the complaint by:

    A.  Admitting that the final hearing was held on Nov. 18, 2015.

    B.  Admitting that Plaintiff's legal counsel spoke with NEOMED's legal counsel regarding a limiting instruction.

    C.  Denying the balance of the matters in this paragraph.

147.  Defendants deny the matters set out in paragraph 147 of the complaint.

148.  Defendants deny the matters set out in paragraph 148 of the complaint.

149.   Defendants deny the matters set out in paragraph 149 of the complaint.

150.   Defendants deny the matters set out in paragraph 150 of the complaint.

151.   Defendants deny the matters set out in paragraph 151 of the complaint.

152.   Defendants respond to paragraph 152 of the complaint by:

    A.  Admitting that Dr. Trauben participated in the hearing via teleconference.

    B.  Denying the balance of the matters in this paragraph.

153.   Defendants admit the matters set out in paragraph 153 of the complaint.

154.   Defendants respond to paragraph 154 of the complaint by:

    A.  Admitting that Plaintiff was informed of the outcome of the final hearing on Nov. 19, 2015.

    B.  Denying the balance of the matters in this paragraph.

155.   Defendants respond to paragraph 155 of the complaint by stating that Exhibit E speaks for itself. They therefore deny Plaintiff's allegations about the contents of Exhibit E.

156.   Plaintiff has not provided Defendants with a copy of the affidavit he references in paragraph 156 of the complaint.  Defendants therefore deny, for lack of knowledge, the matters alleged in that paragraph regarding that affidavit. Defendants deny the balance of the matters set out in that paragraph.

157.   Defendants respond to paragraph 157 of the complaint by:

    A.  Admitting that Plaintiff received yet another copy of his student file on Nov. 20, 2015.

    B.  Denying the balance of the matters in this paragraph.

158.   Defendants deny the matters set out in paragraph 158 of the complaint.

159.   Plaintiff has not provided Defendants with copies of the affidavits he references in paragraph 159 of the complaint.  Defendants therefore deny, for lack of knowledge, the matters alleged in that

paragraph regarding those affidavits. Defendants deny the balance of the matters set out in that paragraph.

160.     Plaintiff has not provided Defendants with a copy of the affidavit he references in paragraph 160 of the complaint.  Defendants therefore deny, for lack of knowledge, the matters alleged in that paragraph regarding that affidavit. Defendants deny the balance of the matters set out in that paragraph.

161.     Plaintiff has not provided Defendants with a copy of the affidavit he references in paragraph 161 of the complaint.  Defendants therefore deny, for lack of knowledge, the matters alleged in that paragraph regarding that affidavit. Defendants deny the balance of the matters set out in that paragraph.

162.     Plaintiff has not provided Defendants with a copy of the affidavit he references in paragraph 162 of the complaint.  Defendants therefore deny, for lack of knowledge, the matters alleged in that paragraph regarding that affidavit. Defendants deny the balance of the matters set out in that paragraph.

163.     Plaintiff has not provided Defendants with a copy of the affidavit he references in paragraph 163 of the complaint.  Defendants therefore deny, for lack of knowledge, the matters alleged in that paragraph regarding that affidavit. Defendants deny the balance of the matters set out in that paragraph.

164.     Plaintiff has not provided Defendants with a copy of the affidavit he references in paragraph 164 of the complaint.  Defendants therefore deny, for lack of knowledge, the matters alleged in that paragraph regarding that affidavit. Defendants deny the balance of the matters set out in that paragraph.

165.  Plaintiff has not provided Defendants with a copy of the affidavit he references in paragraph 165 of the complaint.  Defendants therefore deny, for lack of knowledge, the matters alleged in that paragraph regarding that affidavit. Defendants deny the balance of the matters set out in that paragraph.

166.  Plaintiff has not provided Defendants with a copy of the affidavit he references in paragraph 166 of the complaint.  Defendants therefore deny, for lack of knowledge, the matters alleged in that paragraph regarding that affidavit. Defendants deny the balance of the matters set out in that paragraph.

167.  Defendants deny the matters set out in paragraph 167 of the complaint.

168.  Defendants deny the matters set out in paragraph 168 of the complaint.

169.  Defendants deny the matters set out in paragraph 169 of the complaint.

170.  Defendants deny the matters set out in paragraph 170 of the complaint.

171.  Defendants deny the matters set out in paragraph 171 of the complaint.

172.  Defendants deny the matters set out in paragraph 172 of the complaint.

173.  Defendants deny the matters set out in paragraph 173 of the complaint.

174.  Defendants deny the matters set out in paragraph 174 of the complaint.

175.  Defendants deny the matters set out in paragraph 175 of the complaint.

176.  Defendants admit and deny the matters set out in paragraph 176 of the complaint to the same extent that they admitted and denied the matters set out in paragraphs 1 through 175 of the complaint.

177.  Defendants admit the matters set out in paragraph 177 of the complaint.

178.  Defendants admit the matters set out in paragraph 178 of the complaint.

179.  Defendants admit the matters set out in paragraph 179 of the complaint.

180.    Defendants respond to the matter set out in paragraph 180 of the complaint by stating that they are conclusions of law that need not be admitted or denied.

181.    Defendants respond to the matter set out in paragraph 181 of the complaint by stating that they are conclusions of law that need not be admitted or denied.

182.    Defendants respond to the matter set out in paragraph 182 of the complaint by stating that they are conclusions of law that need not be admitted or denied.

183.    Defendants respond to the matter set out in paragraph 183 of the complaint by stating that they are conclusions of law that need not be admitted or denied.

184.    Defendants respond to the matter set out in paragraph 184 of the complaint by stating that they are conclusions of law that need not be admitted or denied.

185.    Defendants respond to the matter set out in paragraph 185 of the complaint by stating that they are conclusions of law that need not be admitted or denied.

186.    Defendants respond to the matter set out in paragraph 186 of the complaint by stating that they are conclusions of law that need not be admitted or denied.

187.    Defendants deny the matters set out in paragraph 187 of the complaint.

188.    Defendants respond to the matter set out in paragraph 188 of the complaint by stating that they are conclusions of law that need not be admitted or denied.

189.    Defendants respond to the matter set out in paragraph 189 of the complaint by stating that they are conclusions of law that need not be admitted or denied.

190.    Defendants respond to the matter set out in paragraph 190 of the complaint by stating that they are conclusions of law that need not be admitted or denied.

191.    Defendants deny the matters set out in paragraph 191 of the complaint.

192.    Defendants deny the matters set out in paragraph 192 of the complaint.

193.    Defendants deny the matters set out in paragraph 193 of the complaint.

194.    Defendants respond to paragraph 194 of the complaint by:

    A.  Admitting that Defendants acted under color of state law with regard to the matters at issue in this case.

    B.  Denying the balance of the matters set out in that paragraph.

195.    Defendants deny the matters set out in paragraph 195 of the complaint.

196.    Defendants deny the matters set out in paragraph 196 of the complaint.

197.    Defendants deny the matters set out in paragraph 197 of the complaint.

198.    Defendants deny the matters set out in paragraph 198 of the complaint.

199.    Defendants deny the matters set out in paragraph 199 of the complaint.

200.    Defendants deny the matters set out in paragraph 200 of the complaint.

201.    Defendants admit that Plaintiff seeks the relief described in paragraph 201 of the complaint, but deny that he is entitled to any of that relief.

202.    Defendants admit and deny the matters set out in paragraph 202 of the complaint to the same extent that they admitted and denied the matters set out in paragraphs 1 through 201 of the complaint.

203.    Defendants deny the matters set out in paragraph 203 of the complaint.

204.    Defendants respond to paragraph 204 of the complaint by stating that it is a conclusion of law that need not be admitted nor denied.

205.    Defendants deny the matters set out in paragraph 205 of the complaint.

206.    Defendants deny the matters set out in paragraph 206 of the complaint.

207.    Defendants deny the matters set out in paragraph 207 of the complaint.

208.    Defendants deny the matters set out in paragraph 208 of the complaint.

209.    Defendants admit and deny the matters set out in paragraph 209 of the complaint to the same
        extent that they admitted and denied the matters set out in paragraphs 1 through 208 of the
        complaint.

210.    Defendants deny the matters set out in paragraph 210 of the complaint.

211.    Defendants deny the matters set out in paragraph 211 of the complaint.

212.    Defendants deny the matters set out in paragraph 212 of the complaint.

213.    Defendants deny the matters set out in paragraph 213 of the complaint.

214.    Defendants deny the matters set out in paragraph 214 of the complaint.

215.    Defendants deny the matters set out in paragraph 215 of the complaint.

216.    Defendants admit that Plaintiff seeks the relief described in paragraph 216 of the complaint, but
        deny that he is entitled to any of that relief.

217.    Defendants hereby deny all matters set out in the complaint that have not been expressly
        admitted above.

## Affirmative Defenses

218.    Plaintiff's complaint fails to state a claim upon which relief can be granted against any
        Defendant.

219.    Plaintiff's claims are barred by controlling statutes of limitation/repose.

220.    Plaintiff's claims are barred by laches.

221.    Defendants are protected by absolute immunities

222.    Defendants are protected by qualified immunity.

223.    Plaintiff has waived, or is estopped to assert, the claims alleged in the complaint.

WHEREFORE, Defendants pray that:

    A.   Plaintiffs complaint be dismissed with prejudice and at his cost; and

B.  They be granted all other relief that is appropriate.

Respectfully submitted,

**MICHAEL DEWINE (0009181)**
**Ohio Attorney General**
*/s/ Todd R. Marti*
TODD R. MARTI (0019280)
Assistant Attorney General
Office of the Ohio Attorney General
Education Section
30 E. Broad Street, 16th Floor
Columbus, OH 43215
Phone:  (614) 644-7250
Fax:  (614) 644-7634
Email:  todd.marti@ohioattorneygeneral.gov
*Counsel for Defendants*

**Certificate of Service**

The undersigned hereby certifies that a copy of the forgoing was served upon all counsel of record

via the Court's ECF system this 28th day of December, 2017.

*/s/ Todd R. Marti*
TODD R. MARTI (0019280)

22