## Declaration of Andrew A. Trauben, M.D.

I, Dr. Andrew A. Trauben, hereby declare as follows:

1. I am an adult, adolescent and child psychiatrist. I obtained my medical degree from Northeast Ohio College of Medicine. I have been in private practice for the past 19 years.

2. On October 27, 2015, I saw Julian Endres for a psychiatric evaluation. I gave him a full psychiatric interview. For 90 minutes I asked him in detail about his psychiatric history, including the factors identified in the DSM-5 as symptoms of attention deficit hyperactivity disorder (ADHD). I concluded that Mr. Endres has multiple hyperactive and inattention symptoms.

3. In addition to evaluating Mr. Endres, I have also watched a video of Mr. Endres taking a test on which he has been accused of cheating.

4. On October 27, 2015, after interviewing Mr. Endres and watching the video, I wrote a letter to Dr. Sandra Emerick, the Chief Student Affairs Officer at Northeast Ohio Medical University. I explained in that letter that after interviewing Mr. Endres, and watching the video, I concluded that involuntary aspects of Mr. Endres's ADHD could explain those movements of his in the video that had been construed as deliberate efforts to cheat.

5. Sometime after that drafting that letter, but before November 2, 2015, I received a call from Dr. Emerick about the contents of my October 27 letter. During that call, I told Dr. Emerick, among other things, that I believed Mr. Endres's behavior in the test video could be explained equally by his ADHD as by a deliberate effort to cheat.

6. Recently, I have been shown a memo drafted by Dr. Emerick, dated November 2, 2015, which purports to summarize the contents of that call. That memo misrepresents the contents of our call in several respects.

7. The memo states, in its first substantive paragraph, "He understood that he needed a quick turn around on documentation in order to submit a CAPP appeal letter." That sentence appears to suggest that my analysis of Mr. Endres, or the opinion I rendered, was compromised because of the timeframe in which it was completed. That is not so, and it is not something I ever conveyed to Dr. Emerick.

8. The memo then states, correctly, that I explained that "the ADHD could explain" Mr. Endres's behavior in the video as well as an accusation that he deliberately cheated. But it then states, "[Dr. Trauben] believed we were acting under the 'beyond a reasonable doubt level of evidence.' I explained that our level of evidence in these types of hearing is 'a preponderance of evidence.'" That sentence suggests that my opinion that Mr. Endres's behavior could be explained as well by his ADHD as by an attempt to cheat somehow depended on the evidentiary standard being used in the disciplinary proceeding. That is not the case, and that is not something I ever said to Dr. Emerick. I never suggested that my opinion would be different under a "preponderance of evidence" standard. As I stated to Dr. Emerick, I believe Mr. Endres's behavior can be explained as well by his ADHD as by a deliberate attempt to cheat. That is true no matter what evidentiary standard might be used.

9. The memo concludes by stating that I suggested, "Perhaps [Mr. Endres] was unaware of his HD behaviors (fidgeting)." That sentence suggests that fidgeting was the only behavior of Mr. Endres's that I thought he may have been unaware of due to his

2

ADHD. That is not something I conveyed to Dr. Emerick. It was, and is, my opinion that Mr. Endres, due to his ADHD, may have been unaware of the full range of behavior exhibited in the test video.

10. In my opinion, Dr. Emerick's November 2 memo does not faithfully memorialize the contents of our telephone call.

11. I was asked to be available by phone to tesetify during Mr. Endres's second hearing, which occurred on November 18, 2015. I was told that that hearing would start at 2:00 p.m. I was not called to testify until approximately 2:55 p.m.

I hereby affirm that the foregoing is based on my personal knowledge and is true to the best of my knowledge.

DATED: 8/4/16    BY: _____ MD
                      Andrew A. Trauben, M.D.