**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **J. ENDRES** | : | |
| | : | |
| **Plaintiff** | : | **Case No. 5:17-cv-2408** |
| | : | |
| **v.** | : | **JUDGE LIOI** |
| | : | |
| **NORTHEAST OHIO MEDICAL** | : | |
| **UNIVERSITY, *et al.*** | : | |
| | : | |
| **Defendants** | : | |

---

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

---

Now come all defendants, by and through counsel, and files the within Answer to Plaintiff's First Amended Complaint (Doc. #23).

**"I.  Preliminary Statement"**

1.      In response to ¶ 1 of Plaintiff's Amended Complaint, Defendants admit that this case arises out of the events related to Plaintiff's conduct during the fall 2015 semester at the Northeast Ohio Medical University ("NEOMED"), but deny the other allegations set out in ¶ 1 of the Amended Complaint.

2.      In response to ¶ 2 of Plaintiff's Amended Complaint, Defendants admit that Plaintiff challenged his referral to NEOMED's Committee on Academic and Professional Progress ("CAPP") based on his conduct during an examination early in the fall of 2015, but deny the other allegations of ¶ 2 of the Amended Complaint.

3.      Defendants deny the allegations in ¶ 3 of the Amended Complaint.

4.      Defendants deny the allegations in ¶ 4 of the Amended Complaint.

5.      Defendants deny the allegations in ¶ 5 of the Amended Complaint.

6.      In response to ¶ 6 of the Amended Complaint, Defendants admit that Plaintiff has filed the instant lawsuit in which he seeks relief but deny that Plaintiff is entitled to any of the relief he seeks or to any relief whatsoever.  Defendants deny any remaining allegations in ¶ 6 of the Amended Complaint.

7.      In response to ¶ 7 of the Amended Complaint, Defendants admit that Plaintiff has filed the instant lawsuit in which he seeks relief but deny that Plaintiff is entitled to any of the relief he seeks or to any relief whatsoever.  Defendants deny any remaining allegations in ¶ 7 of the Amended Complaint.

## "II.  Parties"

8.      Defendants admit the allegations in ¶ 8 of Plaintiff's Amended Complaint.

9.      Defendants admit that NEOMED is a public university that complies with state and federal law. Defendants deny any allegations in ¶ 9 of the Amended Complaint not specifically admitted herein.

10.     Defendants admit that NEOMED acts through its Board of Trustees, consistent with Ohio law. Defendants deny any allegations in ¶ 10 of the Amended Complaint not specifically admitted herein.

11.     Defendants admit that Defendant Emerick has served and did serve as a Director of Student Services during the material times alleged in the Amended Complaint.  Defendants deny any allegations in ¶ 11 of the Amended Complaint not specifically admitted herein.

12.     Defendants admit that Defendant Gershen served as President of NEOMED, and served in that position during the material times alleged in the Amended Complaint, but state that much of the authority for student disciplinary matters has been delegated to NEOMED's Office of Student

2

Affairs.  Defendants deny any allegations in ¶ 12 of the Amended Complaint not specifically admitted herein.

### "III.  Jurisdiction and Venue"

13. In response to ¶ 13 of the Amended Complaint, Defendants admit that the claims raised are within the federal question jurisdiction of the Court, and that the Court may exercise personal jurisdiction over the Defendants to resolve the claims, but deny that Plaintiff is entitled to any relief under the cited statutes.

14. Defendants admit that venue in this Court is proper, but deny that Plaintiff is entitled to any relief under the stated causes of action, or any others.

### "IV.  Facts"

15. Defendants deny the allegations in ¶ 15 for lack of knowledge.

16. In response to ¶ 16 of the Amended Complaint, Defendants admit that Plaintiff never requested any accommodation from NEOMED.  Defendants deny for lack of knowledge any other allegations in ¶ 16 of the Amended Complaint.

17. Defendants admit that Plaintiff was accepted into NEOMED via the accelerated BS/MD program.

18. To the extent ¶ 18 of the Amended Complaint refers to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny, for lack of knowledge, any other allegations in ¶ 18 of the Amended Complaint not specifically admitted herein.

19. To the extent ¶ 19 of the Amended Complaint refers to documents, Defendants state that the documents speak for themselves.

20. To the extent ¶ 20 of the Amended Complaint refers to documents, Defendants state that the documents speak for themselves.

3

21.     To the extent ¶ 21 of the Amended Complaint refers to documents, Defendants state that the documents speak for themselves.

22.     To the extent ¶ 22 of the Amended Complaint refers to documents, Defendants state that the documents speak for themselves.

23.     To the extent ¶ 23 of the Amended Complaint refers to documents, Defendants state that the documents speak for themselves.

24.     Defendants deny for lack of knowledge the allegations of ¶ 24 of the Amended Complaint.

25.     Defendants deny for lack of knowledge the allegations in ¶ 25 of the Amended Complaint.

26.     Defendants admit that Plaintiff failed the BMB (Brain Mind and Behavior) course that he took in 2015 during his first year at medical school.  Defendants deny for lack of knowledge any allegations in ¶ 26 of the Amended Complaint not specifically admitted herein.

27.     Defendants deny for lack of knowledge the allegations in ¶ 27 of the Amended Complaint.

28.     Defendants deny for lack of knowledge the allegations in ¶ 28 of the Amended Complaint.

29.     Defendants admit that Plaintiff was required to repeat his first year of medical school as a result of his failing the course in BMB (Brain Mind and Behavior).  Defendants deny any allegations in ¶ 29 of the Amended Complaint not specifically admitted herein.

30.     Defendants deny for lack of knowledge the allegations in ¶ 30 of the Amended Complaint.

31.     Defendants deny for lack of knowledge the allegations in ¶ 31 of the Amended Complaint.

32.     In response to ¶ 32 of the Amended Complaint, Defendants admit that Plaintiff enrolled in the Human Development & Structure (HDS) course in the fall 2015 semester, that Hans Thewissen was the HDS course director, and that Plaintiff had taken the HDS course in fall 2014 and had passed the course.  The defendants deny for lack of knowledge any allegations in ¶ 32 of the Amended Complaint not specifically admitted herein.

33.    In response to ¶ 33 of the Amended Complaint, Defendants admit that NEOMED records exams via video cameras. Defendants deny for lack of knowledge any allegations in ¶ 33 of the Amended Complaint not specifically admitted herein.

34.    In response to ¶ 34 of the Amended Complaint, Defendants admit that NEOMED uses a computerized testing system, that online examinations are taken on NEOMED laptop computers, and that students also have a paper answer sheet. Defendants deny the other allegations in ¶ 34 of the Amended Complaint.

35.    Defendants admit the allegations in ¶ 35 of the Amended Complaint.

36.    In response to ¶ 36 of the Amended Complaint, Defendants admit that plaintiff took an HDS examination on September 28, 2015, that Plaintiff displayed behavior that appeared as fidgety, that he was focused on something to his right and that those actions made him suspicious looking. Defendants admit that those actions made Plaintiff suspicious looking, and that some of Plaintiff's suspicious looking behavior was recorded on video. Defendants also admit that there were approximately 160 students who took the exam at the same time and that there were 25 questions on the HDS exam. Defendants deny any allegations in ¶ 36 of the Amended Complaint not specifically admitted herein.

37.    In response to ¶ 37 of the Amended Complaint, Defendants admit that multiple proctors administered the exam on September 28, 2015, including walking around the room and operating the camera. Defendants deny any allegations in ¶ 37 of the Amended Complaint not specifically admitted herein.

38.    Defendants admit that Plaintiff sat in seat number 29. Defendants deny any allegations in ¶ 38 of the Amended Complaint not specifically admitted herein.

39.     Defendants admit that "ExamSoft" software was used during the exam, and that "ExamSoft" allowed the students to expand or narrow the image on the computer screen to a certain extent. Defendants deny the other allegations of ¶ 39 of the Amended Complaint.

40.     Defendants admit that Plaintiff's conduct during the exam made him look suspicious but deny the other allegations in ¶ 40 of the Amended Complaint.

41.     Defendants deny for lack of knowledge the allegations in ¶ 41 of the Amended Complaint.

42.     Defendants admit that a proctor, Ms. Hricko completed an "Irregularity Report" after the conclusion of the exam, and state that the document speaks for itself.  Defendants deny the other allegations of ¶ 42 of the Amended Compliant.

43.     To the extent ¶ 43 of the Amended Complaint refers to a document or documents, Defendants state that those documents speak for themselves.  Defendants deny any allegations not specifically admitted in ¶ 43 of the Amended Complaint.

44.     Defendants admit that the computer screen Plaintiff was alleged to have looked at during the exam was at seat 30, and that there was no one in the empty seat between Plaintiff's seat and seat 30.  Defendants deny the other allegations in ¶ 44 of the Amended Complaint.

45.     Defendants admit that the Irregularity Report was sent to Defendant Emerick the day of the test. Defendants deny the other allegations in ¶ 45 of the Amended Complaint.

46.     Defendants deny the allegations in ¶ 46 of the Amended Complaint.

47.     To the extent the allegations in ¶ 47 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 47 of the Amended Complaint not specifically admitted herein.

48.     To the extent the allegations in ¶ 48 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 48 of the Amended Complaint not specifically admitted herein.

49.     To the extent the allegations in ¶ 49 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 49 of the Amended Complaint not specifically admitted herein.

50.     To the extent the allegations in ¶ 50 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 50 of the Amended Complaint not specifically admitted herein.

51.     To the extent the allegations in ¶ 51 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 51 of the Amended Complaint not specifically admitted herein.

52.     To the extent the allegations in ¶ 52 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 52 of the Amended Complaint not specifically admitted herein.

53.     Defendants deny the allegations in ¶ 53 of the Amended Complaint.

54.     To the extent the allegations in ¶ 54 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 54 of the Amended Complaint not specifically admitted herein.

55.     To the extent the allegations in ¶ 55 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 55 of the Amended Complaint not specifically admitted herein.

56.    To the extent the allegations in ¶ 56 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 56 of the Amended Complaint not specifically admitted herein.

57.    To the extent the allegations in ¶ 57 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 57 of the Amended Complaint not specifically admitted herein.

58.    Defendants admit that Plaintiff was afforded an opportunity to appear before the Committee on Academic and Professional Progress ("CAPP") and answer questions from the CAPP panel. Defendants deny the other allegations in ¶ 58 of the Amended Complaint.

59.    To the extent the allegations in ¶ 59 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 59 of the Amended Complaint not specifically admitted herein.

60.    Defendants admit that Plaintiff had an opportunity to speak to the CAPP panel for approximately 25 minutes, and answer questions from the CAPP panel.  Defendants deny the other allegations in ¶ 60 of the Amended Complaint.

61.    Defendants deny the allegations in ¶ 61 of the Amended Complaint.

62.    To the extent the allegations in ¶ 62 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 62 of the Amended Complaint not specifically admitted herein

63.    Defendants deny the allegations in ¶ 63 of the Amended Complaint.

64.    To the extent the allegations in ¶ 64 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 64 of the Amended Complaint not specifically admitted herein.

65.     Defendants deny the allegations in ¶ 65 of the Amended Complaint.

66.     To the extent the allegations in ¶ 66 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 66 of the Amended Complaint not specifically admitted herein.

67.     Defendants admit that Plaintiff did not request or indicate any need for an accommodation, special treatments or considerations in connection with his academics.  Defendants deny any allegations in ¶ 67 of the Amended Complaint not specifically admitted herein.

68.     Defendants deny the allegations of ¶ 68 of the Amended Complaint.

69.     Defendants deny for lack of knowledge the allegations in ¶ 69 of the Amended Complaint.

70.     Defendants deny the allegations in ¶ 70 of the Amended Complaint.

71.     Defendants admit that Plaintiff and Defendant Emerick met on or around October 7, 2015.  Defendants deny any other allegations in ¶ 71 of the Amended Complaint not specifically admitted herein.

72.     Defendants admit that Plaintiff had an opportunity to review the video of the test during the meeting with Defendant Emerick, and was notified that the matter had been referred to CAPP.  Defendants deny the other allegations of ¶ 72 of the Amended Complaint.

73.     Defendants deny the allegations of ¶ 73 of the Amended Complaint.

74.     Defendants deny the allegations of ¶ 74 of the Amended Complaint.

75.     Defendants admit that Plaintiff had another HDS test scheduled for October 9, 2015.  Defendants deny any allegations in ¶ 75 of the Amended Complaint not specifically admitted herein.

76.     Defendants deny for lack of knowledge the allegations in ¶ 76 of the Amended Complaint.

77. Defendants admit that Plaintiff never requested an accommodation for academics, or any other special treatment or considerations.  Defendants deny for lack of knowledge any other allegations in ¶ 77 of the Amended Complaint.

78. To the extent the allegations in ¶ 78 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 78 of the Amended Complaint not specifically admitted herein

79. To the extent the allegations in ¶ 79 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 79 of the Amended Complaint not specifically admitted herein.

80. To the extent the allegations in ¶ 80 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 80 of the Amended Complaint not specifically admitted herein.

81. To the extent the allegations in ¶ 81 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 81 of the Amended Complaint not specifically admitted herein

82. Defendants admit that Plaintiff emailed Defendant Emerick on October 11, 2015.  To the extent the allegations in ¶ 82 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 82 of the Amended Complaint not specifically admitted herein.

83. To the extent the allegations in ¶ 83 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 83 of the Amended Complaint not specifically admitted herein.

84.     To the extent the allegations in ¶ 84 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 84 of the Amended Complaint not specifically admitted herein.

85.     Defendants admit that Dr. Ramos sent a letter to Dr. Emerick on October 13, 2015.  To the extent the allegations in ¶ 85 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 85 of the Amended Complaint not specifically admitted herein.

86.     To the extent the allegations in ¶ 86 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 86 of the Amended Complaint not specifically admitted herein.

87.     To the extent the allegations in ¶ 87 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 87 of the Amended Complaint not specifically admitted herein.

88.     Defendants deny the allegations in ¶ 88 of the Amended Complaint.

89.     To the extent the allegations in ¶ 89 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 89 of the Amended Complaint not specifically admitted herein.

90.     To the extent the allegations in ¶ 90 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 90 of the Amended Complaint not specifically admitted herein.

91.     To the extent the allegations in ¶ 91 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 91 of the Amended Complaint not specifically admitted herein.

92.     Defendants deny the allegations in ¶ 92 of the Amended Complaint.

93.     Defendants deny the allegations in ¶ 93 of the Amended Complaint.

94.     Defendants deny for lack of knowledge the allegations in ¶ 94 of the Amended Complaint.

95.     Defendants admit that Plaintiff and Defendant Emerick met on October 15, 2015, and that Plaintiff filled out his student interview form.  To the extent the allegations in ¶ 95 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 95 of the Amended Complaint not specifically admitted herein.

96.     To the extent the allegations in ¶ 96 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 96 of the Amended Complaint not specifically admitted herein.

97.     To the extent the allegations in ¶ 97 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 97 of the Amended Complaint not specifically admitted herein.

98.     Defendants admit that Plaintiff attended a meeting with the CAPP committee on October 21, 2015.  Defendants deny any allegations in ¶ 98 of the Amended Complaint not specifically admitted herein.

99.     Defendants deny the allegations in ¶ 99 of the Amended Complaint.

100.    Defendants admit that Plaintiff had an opportunity to make a presentation to the CAPP committee and answer questions from the CAPP committee.  Defendants deny any allegations in ¶ 100 of the Amended Complaint not specifically admitted herein.

101.    Defendants deny the allegations in ¶ 101 of the Amended Complaint.

102.   Defendants admit that Plaintiff had an opportunity during his presentation to the CAPP committee to make the same or similar assertions and characterizations about what happened during the test, and during his reenactment, to the CAPP committee.  Defendants deny any allegations in ¶ 102 of the Amended Complaint not specifically admitted herein.

103.   To the extent the allegations in ¶ 103 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 103 of the Amended Complaint not specifically admitted herein.

104.   Defendants admit that Plaintiff made arguments about the "zoom in and out" feature of ExamSoft to the CAPP committee.  Defendants deny any allegations in ¶ 104 of the Amended Complaint not specifically admitted herein.

105.   Defendants admit that Plaintiff made assertions to the CAPP committee about his medication(s).  Defendants deny any allegations in ¶ 105 of the Amended Complaint not specifically admitted herein.

106.   Defendants admit that Plaintiff made assertions to the CAPP committee about his statistical analysis.  Defendants deny any allegations in ¶ 106 of the Amended Complaint not specifically admitted herein.

107.   To the extent the allegations in ¶ 107 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 107 of the Amended Complaint not specifically admitted herein.

108.   Defendants admit that Plaintiff had an opportunity to speak to the CAPP committee for approximately 30 minutes before he was questioned, admit that he was not questioned about the "Thewissen Analysis", admit that Plaintiff was asked why he had not sought an accommodation based on his claimed disability and admit that Plaintiff stated that he had never required any kind

13

of academic accommodation. Defendants deny any allegations in ¶ 108 of the Amended Complaint not specifically admitted herein.

109. Defendants admit that Plaintiff discussed his medications during the meeting. Defendants deny any allegations not specifically admitted in ¶ 109 of the Amended Complaint.

110. Defendants admit that Plaintiff discussed his medications during the meeting. Defendants deny any allegations not specifically admitted in ¶ 110 of the Amended Complaint.

111. Defendants admit that Defendant Emerick did not speak during the time Plaintiff made his presentation to the CAPP committee and answered the committee's questions. Defendants deny any allegations in ¶ 111 of the Amended Complaint not specifically admitted herein.

112. Defendants admit the allegations in ¶ 112 of the Amended Complaint.

113. Defendants admit the allegations in ¶ 113 of the Amended Complaint.

114. Defendants deny the allegations in ¶ 114 of the Amended Complaint.

115. To the extent the allegations in ¶ 115 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves. Defendants deny any allegations in ¶ 115 of the Amended Complaint not specifically admitted herein.

116. To the extent the allegations in ¶ 116 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves. Defendants deny any allegations in ¶ 116 of the Amended Complaint not specifically admitted herein.

117. To the extent the allegations in ¶ 117 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves. Defendants deny any allegations in ¶ 117 of the Amended Complaint not specifically admitted herein.

118.  To the extent the allegations in ¶ 118 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 118 of the Amended Complaint not specifically admitted herein.

119.  Defendants deny the allegations in ¶ 119 of the Amended Complaint.

120.  To the extent the allegations in ¶ 120 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 120 of the Amended Complaint not specifically admitted herein.

121.  Defendants deny the allegations in ¶ 121 of the Amended Complaint.

122.  Defendants deny the allegations in ¶ 122 of the Amended Complaint.

123.  Defendants admit that Plaintiff and his parents met with Defendant Emerick on October 23, 2015.  Defendants deny any allegations in ¶ 123 of the Amended Complaint not specifically admitted herein.

124.  Defendants deny the allegations in ¶ 124 of the Amended Complaint.

125.  Defendants deny the allegations in ¶ 125 of the Amended Complaint.

126.  To the extent the allegations in ¶ 126 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 126 of the Amended Complaint not specifically admitted herein.

127.   To the extent the allegations in ¶ 127 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 127 of the Amended Complaint not specifically admitted herein.

128.  Defendants deny the allegations in ¶ 128 of the Amended Complaint.

129.  Defendants admit that Plaintiff made a public records request on October 23, 2015.  Defendants deny any allegations in ¶ 129 of the Amended Complaint not specifically admitted herein.

130. Defendants admit that Plaintiff received a response to his public records request on October 26, 2015.  Defendants deny any allegations in ¶ 130 of the Amended Complaint not specifically admitted herein.

131. To the extent the allegations in ¶ 131 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 131 of the Amended Complaint not specifically admitted herein.

132. To the extent the allegations in ¶ 132 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 132 of the Amended Complaint not specifically admitted herein.

133. To the extent the allegations in ¶ 133 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 133 of the Amended Complaint not specifically admitted herein.

134. Defendants deny the allegations in ¶ 134 of the Amended Complaint.

135. Defendants admit that Plaintiff met with the Vice Dean and received an extension of time.  To the extent the allegations in ¶ 135 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 135 of the Amended Complaint not specifically admitted herein.

136. Defendants admit that Plaintiff received the information identified in ¶ 136 of the Amended Complaint, but deny any other allegations not specifically admitted in ¶ 136 of the Amended Complaint.

137. Defendants admit that Plaintiff submitted a petition for review by the CAPP committee on October 28, 2015.  To the extent the allegations in ¶ 137 of the Amended Complaint refer to a

document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 137 of the Amended Complaint not specifically admitted herein.

138. Defendants deny the allegations in ¶ 138 of the Amended Complaint.

139. Defendants admit the allegations in ¶ 139 of the Amended Complaint.

140. To the extent the allegations in ¶ 140 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 140 of the Amended Complaint not specifically admitted herein.

141. Defendants admit that Plaintiff was permitted to speak about the "Thewissen Analysis" at the hearing.  Defendants deny any allegations in ¶ 141 of the Amended Complaint not specifically admitted herein.

142. Defendants admit that Plaintiff appeared at the appeal hearing and had an opportunity to present his information and answer questions.  Defendants deny any allegations in ¶ 142 of the Amended Complaint not specifically admitted herein.

143. Defendants admit that Plaintiff appeared at the appeal hearing and had an opportunity to present his information and statistical analysis and answer questions.  Defendants deny any allegations in ¶ 143 of the Amended Complaint not specifically admitted herein.

144. Defendants admit that Plaintiff appeared at the appeal hearing and had an opportunity to present his information about the time stamps on the ExamSoft and answer questions.  Defendants deny any allegations in ¶ 144 of the Amended Complaint not specifically admitted herein.

145. Defendants admit the allegations in ¶ 145 of the Amended Complaint.

146. To the extent the allegations in ¶ 146 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 146 of the Amended Complaint not specifically admitted herein.

147.  To the extent the allegations in ¶ 147 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 147 of the Amended Complaint not specifically admitted herein.

148.  To the extent the allegations in ¶ 148 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 148 of the Amended Complaint not specifically admitted herein.

149.  To the extent the allegations in ¶ 149 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 149 of the Amended Complaint not specifically admitted herein.

150.  To the extent the allegations in ¶ 150 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 150 of the Amended Complaint not specifically admitted herein.

151.  Defendants deny the allegations in ¶ 151 of the Amended Complaint.

152.  Defendants deny the allegations in ¶ 152 of the Amended Complaint.

153.  To the extent the allegations in ¶ 153 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 153 of the Amended Complaint not specifically admitted herein.

154.  To the extent the allegations in ¶ 154 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 154 of the Amended Complaint not specifically admitted herein.

155.  Defendants deny the allegations in ¶ 155 of the Amended Complaint.

156.  Defendants deny the allegations of ¶ 156 of the Amended Complaint.

157.   Defendants admit that a hearing was held on November 18, 2015, but deny the other allegations in ¶ 157 of the Amended Complaint.

158.   To the extent the allegations in ¶ 158 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 158 of the Amended Complaint not specifically admitted herein.

159.   Defendants deny the allegations in ¶ 159 of the Amended Complaint.

160.   To the extent the allegations in ¶ 160 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 160 of the Amended Complaint not specifically admitted herein.

161.   Defendants deny the allegations in ¶ 161 of the Amended Complaint.

162.   Defendants deny the allegations in ¶ 162 of the Amended Complaint.

163.   In response to ¶ 163 of the Amended Complaint, Defendants state that Dr. Trauben did participate in the hearing via teleconference.  Defendants deny any other allegations in ¶ 163 of the Amended Complaint not specifically admitted.

164.   Defendants deny the allegations of ¶ 164 of the Amended Complaint.

165.   Defendants admit that Plaintiff was informed of the outcome of the hearing on November 19, 2015.  To the extent the allegations in ¶ 165 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 165 of the Amended Complaint not specifically admitted.

166.   To the extent the allegations in ¶ 166 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 165 of the Amended Complaint not specifically admitted.

167.  To the extent the allegations in ¶ 167 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 167 of the Amended Complaint not specifically admitted.

168.  To the extent the allegations in ¶ 168 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 168 of the Amended Complaint not specifically admitted.

169.  To the extent the allegations in ¶ 169 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 169 of the Amended Complaint not specifically admitted.

170.  To the extent the allegations in ¶ 170 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 170 of the Amended Complaint not specifically admitted.

171.  To the extent the allegations in ¶ 171 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 171 of the Amended Complaint not specifically admitted.

172.  To the extent the allegations in ¶ 172 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 172 of the Amended Complaint not specifically admitted.

173.  To the extent the allegations in ¶ 173 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 173 of the Amended Complaint not specifically admitted.

174.   To the extent the allegations in ¶ 174 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 174 of the Amended Complaint not specifically admitted.

175.   To the extent the allegations in ¶ 175 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 175 of the Amended Complaint not specifically admitted.

176.   To the extent the allegations in ¶ 176 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 176 of the Amended Complaint not specifically admitted.

177.   To the extent the allegations in ¶ 177 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 177 of the Amended Complaint not specifically admitted.

178.   To the extent the allegations in ¶ 178 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 178 of the Amended Complaint not specifically admitted.

179.   To the extent the allegations in ¶ 179 of the Amended Complaint refer to a document or documents, Defendants state that the documents speak for themselves.  Defendants deny any allegations in ¶ 179 of the Amended Complaint not specifically admitted.

180.   Defendants deny the allegations in ¶ 180 of the Amended Complaint.

181.   Defendants deny the allegations in ¶ 181 of the Amended Complaint.

182.   Defendants deny the allegations in ¶ 182 of the Amended Complaint.

183.   Defendants deny the allegations in ¶ 183 of the Amended Complaint.

184.   Defendants deny the allegations in ¶ 184 of the Amended Complaint.

185.   Defendants deny the allegations in ¶ 185 of the Amended Complaint.

186.   Defendants deny the allegations in ¶ 186 of the Amended Complaint.

187.   Defendants deny the allegations in ¶ 187 of the Amended Complaint.

## "V.  Claims for Relief"

188.   In response to the incorporation of prior allegations in the Amended Complaint, Defendants reassert every response as if specifically restated herein.

189.   Defendants deny the allegations in ¶ 189 of the Amended Complaint.

190.   Defendants deny the allegations in ¶ 190 of the Amended Complaint.

191.   Defendants deny the allegations in ¶ 191 of the Amended Complaint.

192.   In response to the incorporation of prior allegations in the Amended Complaint, Defendants reassert every response as if specifically restated herein.

193.   Defendants deny the allegations of ¶ 193 of the Amended Complaint.

194.   Defendants deny Plaintiff is entitled to the relief requested in the "WHEREFORE" paragraphs following ¶ 193 of the Amended Complaint.

195.   Defendants deny any allegations in the Amended Complaint not specifically admitted herein as true.

## Affirmative Defenses

1.   Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted against any Defendant.

2.   Some or all of Plaintiff's claims are barred by controlling statutes of limitation/repose and/or the failure to exhaust administrative remedies.

3.   Some or all of Plaintiff's claims are barred by laches.

4.  Some or all of Defendants are protected by absolute and/or sovereign immunities and/or Eleventh Amendment Immunity.

5.  Defendants are protected from some or all of Plaintiff's claims by qualified immunity.

6.  Some or all of Plaintiff's claims are barred by the doctrines of estoppel, consent, waiver and/or laches.

7.  Defendants took all actions with respect to Plaintiff in good faith and based on legitimate, non-discriminatory and/or non-retaliatory reasons.

8.  Plaintiff's damages or remedies, if any, are barred or reduced by a failure to mitigate.

9.  Plaintiff has no right to damages or other remedies because Defendants would have made the same decisions and taken the same actions absent any alleged unlawful motivation.

10.  Plaintiff unreasonably failed to utilize any preventive or corrective opportunities provided by Defendants, or request a reasonable accommodation to avoid harm, and Defendants exercised reasonable care to prevent any alleged discrimination and/or retaliation.

11.  Subject to a reasonable opportunity to conduct discovery, some or all of Plaintiff's claims and/or damages may be barred by the doctrine of after-acquired evidence.

12.  Defendants expressly reserve the right to supplement this Answer and defenses raised herein as the case and discovery proceeds.

WHEREFORE, Defendants pray that the Plaintiff's Amended Complaint be dismissed with prejudice and that the Court enter judgment in favor of the Defendants; and that it award the Defendants the costs of this lawsuit, and such other relief as this Court may deem just and proper.

Respectfully submitted,

**DAVE YOST (0056290)**
**Ohio Attorney General**

*/s/ Todd R. Marti*

TODD R. MARTI (0019280)
RORY P. CALLAHAN (0072021)
Assistant Attorneys General
Office of the Ohio Attorney General
Education Section
30 E. Broad Street, 16th Floor
Columbus, OH 43215
Telephone:  (614) 644-7250
Facsimile:  (614) 644-7634
todd.marti@ohioattorneygeneral.gov
rory.callahan@ohioattorneygeneral.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the forgoing was served upon all counsel of record

via the Court's ECF system this 9th day of October, 2019.

*/s/ Todd R. Marti*
TODD R. MARTI (0019280)
Assistant Attorney General